## WELLING v. LA BAU.

*Circuit Court, S. D. New York.* June 18, 1888.

PATENTS FOR INVENTIONS—INFRINGEMENT—PRACTICE—MASTER'S REPORT—REVIEW.

In suit for infringement of a patent, the issue being referred to a master as to whether defendant's alleged infringing article is composed of equal parts of talc and shellac, there being proof that defendant consumed in his business nearly equal amounts of each, and plaintiff's experts testifying positively, and defendant's by fair implication, that defendant's article is composed of the two ingredients in equal parts, the master's decision to that effect will not be disturbed.

In Equity.   On motion for a rehearing.

This was a suit by William M. Welling against John H. La Bau for infringement of a patent.   The report of the master in favor of the complainant was, on the 25th of February, 1888, confirmed, and the defendant's exceptions thereto were overruled.   34 Fed. Rep. 40.   See, also, 12 Fed. Rep. 875, 32 Fed. Rep. 293, and *infra.*   The defendant now moves for a rehearing upon the sole ground that the court fell into error in not sustaining the exception to the master's third finding of fact, which is as follows: "That the said white checks so manufactured and sold by the defendant, assuming the fiber white to be talc, contained shellac and talc in substantially equal parts."

*Frederic H. Betts,* for complainant.

*Lucien Birdseye* and *James C. Cloyd,* for defendant.

COXE, J.   To what was said upon the argument but little need be added further than the statement that, after a re-examination of the record, in the light of the elaborate argument and brief addressed to this single proposition, the court adheres to the conclusion that there is sufficient evidence to sustain the master's finding   The reasoning of the defendant, it is thought, gives undue prominence to the testimony produced by him, and practically ignores that of the complainant.   The master might have credited the former, but evidently he was not convinced of its truth, and was therefore justified in rejecting it, and in accepting as true the statements of the complainant and his witness, confirmed as some of them were by the defendant's testimony.   The analysis of the experts, that of Prof. Chandler positively, and that of Dr. Ledoux by fair implication, show the white checks to be composed of shellac and talc 'in substantially equal parts.   In addition to this there was proof that during the period in question the defendant had consumed in his business nearly equal amounts of these ingredients,—about 16,000 pounds of each.   The question was one of fact, and the master's decision, sustained as it is by evidence, ought not to be disturbed.   The motion is denied.